IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KELLY LORRAINE HOLMES,**

                **Petitioner,**

      v.                                     **CASE NO. 07-3063-RDR**

**RICHARD KOERNER,**

                **Respondent.**

### O R D E R

Petitioner, a federal prisoner incarcerated in the Topeka Correctional Facility in Topeka, Kansas, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner claims the Bureau of Prisons has erroneously calculated statutory good time credits pursuant to 28 U.S.C. § 3624(b), and claims the sentencing court's imposition of probation and a term of supervised release constitutes double jeopardy.

By an order dated March 15, 2007, the court directed petitioner to show cause why the double jeopardy claim should not be dismissed because a motion filed under 28 U.S.C. § 2255 in the sentencing court was the exclusive remedy to challenge the legality of her 2002 federal sentence absent a showing that a motion filed under § 2255 was inadequate or ineffective. *See* <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964). *See also* <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996)("A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.")(citations omitted).

In response, petitioner cites her lack of legal knowledge and the lack of legal resources. She also cites her recent discovery of a one year limitations period for pursuing relief under § 2255. However, the remedy under § 2255 is inadequate or ineffective under limited circumstances - for example, when the original sentencing court has been abolished, the sentencing court refuses to consider the petition altogether, the sentencing court inordinately delays consideration of the motion, or when no single court can grant complete relief. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999)(listing cases).

The court finds petitioner has not carried her burden of showing that her case presents one of the "extremely limited circumstances" in which § 2255 is inadequate to challenge the constitutionality of her federal sentence. Id. at 1178. The fact that petitioner may now be procedurally barred from seeking such relief does not render the remedy under § 2255 inadequate or ineffective. See Id. at 1179.

Accordingly, petitioner's double jeopardy claim is dismissed because this court has no subject matter jurisdiction under § 2241 to consider this claim.

Petitioner's remaining claim regarding the execution of her sentence by the Bureau of Prisons is properly before the court and warrants a response.

IT IS THEREFORE ORDERED that petitioner's double jeopardy challenge to her federal sentence is dismissed without prejudice for lack of this court's jurisdiction to consider this claim under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that respondents are to show cause within

twenty (20) days from the date of this order why habeas relief should not be granted on petitioner's remaining claim regarding the execution of her sentence.  Petitioner is granted ten (10) days after her receipt of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.  The file shall then be returned to the undersigned judge for such further action as may be appropriate.

A copy of this order shall be transmitted to petitioner.

**IT IS SO ORDERED**

DATED:  This 13th day of April 2007, at Topeka, Kansas.

                                           s/ Richard D. Rogers
                                          RICHARD D. ROGERS
                                          United States District Judge